SHELL PIPE LINE CORPORATION
v. STATE ex rel. BRETT,
County Atty.

No. 31875. Nov. 6, 1945.

Rehearing Denied Jan. 15, 1946.

*164 P. 2d 970.*

Champion, Champion & Wallace, of Ardmore, and Geo. W. Cunningham and Paxton Howard, both of Tulsa, for plaintiff in error.

Rutherford Brett, County Atty. of Carter County, and Gerald S. Tebbe, Asst. County Atty., both of Ardmore, for defendant in error.

BAYLESS, J. Shell Pipe Line Corporation appeals from a judgment of the district court of Carter county adjudging it guilty of maintaining a nuisance and enjoining the further main-

tenance thereof at the suit of the county attorney.

The county commissioners had taken steps to open a road along a section line where no road had previously existed. Shell maintains a pipe line right of way that crosses the section line, which it purchased many years ago, and its two pipe lines are buried. Owing to the terrain and rocky nature of the soil the county proposes to establish a road grade lower than the present depth of the buried lines, and has requested Shell to bury its lines deeper. Shell has refused to do this, not upon the basis of a lack of authority on the county's part to locate and construct the road and to require Shell to alter its lines in conformity therewith, but upon the contention that the county has not properly exercised the powers that it possesses in this respect and has ignored Shell's rights and has and is violating its property rights under the Federal and State Constitutions. County asserts it has proceeded with the construction of this road to the point that Shell's pipe lines interfere, and that this interference amounts to the obstruction of a highway and is an abatable nuisance.

The parties have filed briefs in which they have discussed at length their respective contentions, and in this manner have presented a number of important legal issues. This is an action that is addressed to the equity powers of the courts, but at the same time it is also in the nature of what has been called a quasi-criminal proceeding because it is a step taken by the state that can be proceeded with by either civil or criminal remedy. The record shows that the county officials first undertook to obtain an injunction and the action they filed was removed to the federal court. That action was dismissed by the plaintiffs. Thereupon, this action was filed by the county attorney on relation of the State of Oklahoma and removal to the federal court was successfully resisted upon a showing of the single issue presented. The federal court remanded the case be-

cause the State of Oklahoma was party plaintiff for the purpose of enjoining the alleged nuisance, and refused to retain jurisdiction on the theory that the county's interests were actually involved in the issue presented. Since the State of Oklahoma was not establishing the road, it had no right to inject any issue involved in the various other legal points argued. The state did not seek to condemn the property involved, and because there was no intrusion on Shell's property that enabled it to initiate proceedings to recover damages in the nature of compensation for private property taken for public use, it could not inject the issue. Therefore, the issues of law regarding the validity of the county commissioners' proceedings establishing this road, and regarding the necessity of condemning land one rod wide on each side of the section line, and whether the county commissioners can open a road 80 feet wide, and regarding Shell's obligation to move its pipe lines at its own expense, and whether it shall be paid for the taking of its right of way are matters that cannot be decided in this action. Therefore, this opinion goes no further than disposing of the first contention Shell makes, which must be answered in its favor.

Shell says:

"The existence of an actual highway, and some unlawful act or omission interfering with or obstructing such highway, or rendering it dangerous, are prerequisites to a statutory nuisance. Since there never has been a highway at the place in controversy, defendant's pipe lines could not be a nuisance, and this type of action cannot be maintained."

50 O. S. 1941 § 1 defines a nuisance, and the third subdivision includes in the definition "unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any . . . street or highway." 50 O. S. 1941 § 8 authorizes such a nuisance to be proceeded against by prescribed criminal or civil proceedings. The injunction method selected and used here is within

such authorization if otherwise well founded.

It is conceded that no road has heretofore existed along the section line between the points involved. For this reason we see no occasion for discussing the issue argued by the parties whether the county has a two-rod right of way by operation of law or must obtain such right from the present property owners, including Shell. At least, insofar as the facts go, Shell is guilty, if guilty of anything, of obstructing the construction of a highway, and it is not guilty of actually interfering with, or obstructing or rendering dangerous an existing highway. The right of the public to travel upon a highway is not interfered with or obstructed, nor made dangerous.

The general rule on this point is stated in 29 C. J. § 373, on page 622, and 40 C. J. S. 217, to the effect that a nuisance such as is charged here cannot exist unless a highway has actually been opened and rendered passable for travelers. While there appears to be some conflict among the authorities, the majority speak in favor of the rule as stated, and Oklahoma is among the majority.

The decision in Dolese v. State, 23 Okla. Cr. 81, 212 P. 610, discloses that the county authorities had ordered a road surveyed and had approved the report of the surveyor but had taken no further steps. Dolese constructed houses upon the land and upon the site of the road survey. Upon his refusal to remove the houses when so ordered by the county commissioners, he was proceeded against by criminal prosecution for violation of section 2226, C. O. S. 1921 (21 O. S. 1941 § 1754). In reversing his conviction on the charge, the court said:

"Where the accused erected houses on private land for private use at a place where they obstructed a road, but there is no evidence tending to show the establishment of a legal highway at that place, either by authority of law or by prescription, the accused should be acquitted of a charge of obstructing a public highway, based on section 2226, Comp. St. 1921."

The granting of an injunction is the exercise of an extraordinary remedy, and should not be resorted to unless the basis therefor is plain.

The judgment of the trial court is reversed and the cause is remanded.

GIBSON, C. J., HURST, V. C. J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.